**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Sharon Taylor, | : | Case No. 09 CV 2186 |
| Plaintiff, | : | |
| v. | : | |
| United Auto Workers (UAW) and Chrysler Legal Services Plan, a corporation, et al., | : | **MAGISTRATE'S REPORT & RECOMMENDATION** |
| Defendants. | : | |

This case was removed from the Lucas County Common Pleas Court to enforce the terms of an employee welfare benefit plan as defined in the Employee Retirement Income Security Act (ERISA), 29 U. S. C. § 1002[1]. Pending is the Motion for Entry of Judgment filed by Defendant UAW (Docket No. 12), Plaintiff's Opposition (Docket No. 14) and Defendant UAW's Memorandum in Support of Motion for Entry of Judgment (Docket No. 16). For the reasons that follow, the Magistrate recommends that the Court grant the Motion for Entry of Judgment.

**I. JURISDICTION AND VENUE.**

The district court shall have exclusive jurisdiction of civil actions brought by the participant in an employee welfare benefit plan. 29 U.S.C. § 1132(e)(1) (Thomson Reuters 2010). The action may be

---

[1] The term "employee welfare benefit plan" means any plan, fund, or program established and maintained by an employer or employee organization, or by both for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, prepaid legal services.

brought in the district where the plan is administered, where the breach took place, or where the defendant resides or may be found. 29 U. S. C § 1132(e)(2) (Thomson Reuters 2010).

## II. THE PARTIES.

Plaintiff, an Ohio resident, is a beneficiary and/or employee participant in the UAW-GM Ford Chrysler Legal Services Plan[2] (Docket Nos. 1 and 12, p. 2 of 8, ¶ 4).

Defendant UAW was established by an agreement between the General Motors Corporation and the UAW in order to provide high quality legal counsel to the unionized, hourly rate employees represented by the UAW in General Motors plants (Docket No. 12, Exhibit 2, p. 3 of 16).

Defendant Alfred Albright, Jr., is the Managing Attorney at the UAW GM Legal Services in Toledo, Ohio (Docket No. 1, ¶ 4).

## III. THE FACTS.

Plaintiff obtained a pre-approved mortgage in the amount of $200,000.00 through National City Bank, now known as PNC Bank (Docket No. 1, Exhibit A, ¶15). On or about June 2, 2008, Plaintiff made a decision to purchase real property located at 15647 Swift Court in Perrysburg, Ohio, that was owned by Sawgrass Building Company, LLC (Sawgrass) (Docket No. 1, Exhibit A, ¶s 3 & 9; auditor.co.wood.oh.us). Ms. Pamela Pilz, a Sulphur Springs Realty sales agent, suggested that the builder would accept any offer well below costs; however, the builder rejected Plaintiff's offer of $200,000.00 (Docket No. 1, Exhibit A, pp. 7 of 35, 13 of 35 and 19 of 35).

Plaintiff contacted UAW Legal Services for legal advice about the delay imposed by Ms. Pilz in

---

[2] A copy of the UAW-GM Legal Services Plan, Summary Plan Description, is filed as Exhibit 2 to Docket No. 12. Under the terms of this Plan, prepaid legal services is a benefit under the 2007- 2011 GM-UAW National Agreement. The General Motors Corporation and the International Union, UAW, entered into a supplemental agreement on September 26, 2007. The Supplemental Agreement is filed as Exhibit 3 to Docket No. 12.

consummating the sale (Docket No. 1, Exhibit A, ¶ 7). On June 11, 2008, Plaintiff forwarded by facsimile to Defendant Albright, her notes from the telephone conversations she had with Ms. Pilz (Docket No. 1,Exhibit A, ¶ 8). On June 15, 2008, Plaintiff received a letter from Defendant Albright explaining that he could not assist her (Docket No. 1, Exhibit A, ¶ 9).

Plaintiff complained about the methods used by Defendant Albright in resolving her claim to the UAW-GM Ford Chrysler Legal Services Director in Detroit, Michigan. She exhausted her administrative remedies by first appealing to the Assistant Director at UAW-GM Ford Chrysler Legal Services in Detroit. The Assistant Director affirmed Defendant Albright's decision that Plaintiff was ineligible for benefits (Docket No. 1, Exhibit A, ¶ 10). Plaintiff appealed the Assistant Director's decision to the Director at the national office. The Director upheld the Assistant Director's decision (Docket No. 1, Exhibit A, ¶ 11). The administrative committee affirmed the Assistant Director's decision (Docket No. 1, Exhibit A., ¶ 12).

### IV. THE POSITIONS OF THE PARTIES.

This is a claim for legal malpractice, breach of contract and quantum meruit.

A. Plaintiff claims that Defendant Albright's acts rise to an actionable level of **negligence** for the reasons that he failed to:

- Research or investigate whether Ms. Pilz breached any ethical requirements.
- Comply with the rules established by UAW.
- Provide a written rejection letter.
- Provide representation consistent with the terms of the UAW plan.
- Maintain confidentiality.
 Plaintiff claims that Defendant Albright **breached the agreement** to represent her by:
- Abandoning her claims.
- Violating the terms of the summary plan.
- Breaching the terms of the confidentiality agreement.
-
 Plaintiff places a minimal value on the legal services she actually received. However, she claims that she conferred a benefit on Defendants under the theory of **quantum meruit.** Accordingly, she should

3

be awarded:

- Attorney fees of $250 per hour
- Face value of the pre-approved loan that she lost.
- Punitive damages that amount to at least two times the amount of the loan lost.
- Reasonable compensation for her pain and suffering.

B.  Defendant contends that:

- Plaintiff's claims are barred by the applicable statute of limitations.
- Plaintiff's damages are the result of her failure to mitigate.
- Plaintiff's claims are preempted by the Taft-Hartley Act, codified at 29 U. S. C. § 185[3].
- Defendant Albright is not a proper party.
- Plaintiff was contributorily negligent.
- Defendant Albright's refusal to file a lawsuit on Plaintiff's behalf was not the proximate cause of her damages.
- The Administrative Committee's decision to deny a benefit was neither arbitrary nor capricious.
- Punitive damages and attorney fees are not an appropriate award for a pro se plaintiff who is not a licensed attorney.

## V. DISCUSSION.

There are three issues that will resolve the merits of Plaintiff's claims.  First, whether Plaintiff's claim for legal malpractice is barred by the applicable statute of limitations.  Second, whether Defendants breached the terms of the GM Legal Services Plan.  Third, whether Plaintiff is entitled to an award of damages including attorney fees and costs.

1. **PLAINTIFF'S LEGAL MALPRACTICE CLAIM**.

Plaintiff contends that Defendant Albright had a duty to represent her and that Defendant Albright breached that duty by failing to render competent professional services.  As a result of Defendant

---

[3] Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

4

Albright's failure, Plaintiff lost an opportunity to purchase real property.

Legal malpractice is professional misconduct by a member of the legal profession. *National Union Fire Insurance Company of Pittsburgh, PA v. Wuerth,* 540 F. Supp.2d 900, 912 -913 (S. D. Ohio 2007) (*citing Dingus v. Kirwan,* 2006 WL 2384070, *10 (Ohio App.2006) (citation omitted)). Malpractice occurs when an attorney fails to "(1) treat a case professionally; or (2) fulfill a duty implied into the employment law; or (3) exercise the degree of skill or care exercised by members of the same profession practicing in the same locality." *Id.* It is well-settled that the first, and indispensable, element of a direct claim for legal malpractice is the existence of an attorney-client relationship. *Id.* (*see, e.g.*, *Krahn v. Kinney*, 43 Ohio St.3d 103, 538 N.E.2d 1058 (1989); *Landis v. Hunt,* 80 Ohio App.3d 662, 610 N.E.2d 554 (1992)).

Under OHIO REV. CODE § 2305.11(A), an action for legal malpractice "shall be brought within one year after the cause thereof accrued." *Id.* at 905. A cause of action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his or her injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue its possible remedies against the attorney, or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later. *Id.* at 905-906 (*citing Zimmie v. Calfee Halter & Griswold*, 43 Ohio St.3d 54, at syllabus, 538 N.E.2d 398 (1989) (*citing Omni-Food & Fashion, Incorporated v. Smith,* 38 Ohio St.3d 385, 528 N.E.2d 941 (1988)). A factual determination must be made as to (1) when a cognizable event occurred such that the client should have known he or she may have an injury caused by his or her attorney; and (2) when the attorney-client relationship terminated. *Id.* (*citing Smith v. Conley,* 109 Ohio St.3d 141, 142, 846 N.E.2d 509 (2006)). The statute of limitations begins running on the latter of these two dates. *Id.*

5

The Magistrate concludes that in this case, the attorney client relationship terminated on June 15, 2008. The cognizable event whereby Plaintiff discovered that her injury, if any, was related to her attorney's act also occurred on June 15, 2008. In both instances, Plaintiff received a letter from Defendant Albright in which he explained that he would not represent her in a legal action against the realtor or seller. At that time, the attorney client relationship ended. Any injury resulting from Defendant Albright's refusal to represent her began to accrue upon receipt of this correspondence. Plaintiff did not file a cause of action against Defendants UAW and Attorney Albright in the Lucas County Common Pleas Court until September 4, 2009. [Www.co.lucas.oh.us.](Www.co.lucas.oh.us.) Plaintiff's claim of legal malpractice is barred from review by this Court as it was filed after the expiration of the statute of limitations.

**2.    PLAINTIFF'S BREACH OF CONTRACT CLAIM.**

It is specified in the UAW-GM Legal Services Plan that matters related to real estate purchases and sales are covered benefits in the plan. Plaintiff contends that she was denied benefits under the plan when Defendant Albright refused to represent her in consummating the purchase of real estate.

In this case, prepaid legal services are made possible under the employee welfare benefit plan. Under 29 U. S.C. §1132(a)(1)(B), Plaintiff can file a civil action to recover benefits due her under the terms of the employee welfare benefit plan. Any and all state laws insofar as they may relate to any employee benefit plan are preempted by ERISA. 29 U.S. C. §1144 (Thomson Reuters 2010).

A denial of benefits under an ERISA plan "is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Brooks v. General Motors Corporation*, 203 F. Supp.2d 818, 824 (E. D. Mich. 2002) (*citing Firestone Tire & Rubber Company v. Bruch,* 109 S. Ct. 948, 950 (1989)). If a plan gives the administrator such discretion, the administrator's decision is reviewed under the "highly

deferential arbitrary and capricious standard." *Id.* (*citing Miller v. Metropolitan Life Insurance Company,* 925 F.2d 979, 983 (6th Cir.1991)). Such decisions are not arbitrary and capricious if they are "rational in light of the plan's provisions." *Id.* (*citing Miller*, 925 F. 2d at 984). "Discretionary authority" does not hinge on the word "discretion" or any other "magic word." *Id.* (*citing Perez v. Aetna Life Insurance Company,* 150 F.3d 550, 555 (6th Cir. 1998)(en banc)). Instead, the "lower courts are to focus on the breadth of the administrator's power-their authority to determine eligibility for benefits or to construe the terms of the plan." *Id.*

Here, the Administrative Committee reserved discretionary authority in the plan to determine eligibility for benefits under the plan and to construe the terms of the plan. In the plan, the Administrative Committee's authority was limited to approving full legal services which were reasonable and necessary. The Administrative Committee, after an investigation, determined that Plaintiff was instructed by the realtor that the owners of a home, listed at $450,000.00, would take a much lower offer. Plaintiff and her spouse were willing to make a down payment of $50,000 and they had a loan of $200,000.00. The realtor did not submit a written offer but forwarded a verbal offer to the seller. The seller rejected the offer (Docket No. 12, Exhibit 1). In this case, the realtor's refusal to submit a written offer for less than half of the asking price was not unreasonable since she had already been given a verbal refusal of the offer for half of the asking price. Plaintiff incurred no damages and she has no legally cognizable claim against the seller or realtor. The Administrative Committee found, based on these facts, that a lawsuit against the realtor and seller would be frivolous. Thus, the Administrative Committee correctly denied eligibility for legal services under the terms of the plan.

The Magistrate is persuaded that under these circumstances, the decision to deny legal representation was rational in light of the plan's provisions. Plaintiff has not presented evidence from

which the Magistrate can determine that the decision to deny legal representation was arbitrary and capricious. It is recommended that Plaintiff's breach of contract claim be dismissed**.**

**3      QUANTUM MERUIT RELIEF.**

Plaintiff contends that Defendants' failure to provide good legal services has required that she spend "long enduring hours" to prepare this lawsuit. Plaintiff argues that she is entitled to reasonable attorney fees, compensatory and punitive damages as reimbursement for her time expended to obtain the remedies to which she was entitled under the plan.

The equitable doctrine of *quantum meruit* requires a defendant to pay a plaintiff the reasonable value of services performed for the defendant even though there was no contract to do so. *United States v. Snider*, 779 F.2d 1151, 1159 (6th Cir. 1985). The theory underlying *quantum meruit* is that the law implies a contract when one person benefits from another person's act. *Id*. The essential elements of recovery under *quantum meruit* are: "(1) Valuable services were rendered or materials furnished, (2) for the person sought to be charged, (3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him, (4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff, in performing such services was expecting to be paid by the person sought to be charged." *Campanella v. Commerce Exchange Bank,* 137 F.3d 885, 892 (6th Cir. 1998) (*citing Sonkin & Melena Company, L. P. A. v. Zaransky,* 83 Ohio App.3d 169, 614 N.E.2d 807, 811-812 (1992) (citation omitted). The measure of damages for quantum meruit is the reasonable value of the services a plaintiff provided for the benefit of the defendant, with "the reasonable value of services being the reasonable costs incurred in performance plus reasonable profits on such costs, without adjustment for anticipated profit or loss of the contract and without limitation by contract pricing provisions." *J-Way Leasing, Ltd. v. American Bridge Company*, 2010 WL 703075, *5 (N. D. Ohio 2010).

Plaintiff has failed to demonstrate how her performance of legal services is valuable to Defendants especially since it forces Defendants to defend a lawsuit that Plaintiff knows lacks merit[4]. Further, Plaintiff failed to demonstrate that her performance of legal services was accepted, used and enjoyed by Defendants. Clearly, the theory of quantum meruit is not an equitable doctrine under which Plaintiff may be awarded attorney fees, compensatory or punitive damages.

## VI. CONCLUSION

For the foregoing reasons, the Magistrate recommends that the Court grant the Entry of Judgment, dismiss the case and terminate the referral to the Magistrate.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date:   August 3, 2010

## VII. NOTICE OF REVIEW

Please take notice that as of this date the Magistrate's report and recommendation attached hereto has been filed. Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, as amended on December 1, 2009, any party may object to the report and recommendations within fourteen (14) days after being served with a copy thereof. Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure. The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings,

---

[4] Plaintiff filed a similar action in the United States District Court for the Middle District of Tennessee. There she sued UAW-GM Legal Services for failing to represent her in a lawsuit against the Clerk and Master of Chancery Court for misleading her regarding the value of property purchased at an auction. Plaintiff alleged claims of legal malpractice, breach of contract and quantum meruit. The action was dismissed as Plaintiff's claims were exclusions under the plan (Docket No. 12, Exhibit 5).

recommendations, or report to which objection is made and the basis for such objections.  Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals.  In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals condition the right of appeal on the filing of timely objections to a report and recommendation.