IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Sharon Taylor, | Case No. 3:09 CV 2186 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| UAW-GM Legal Services Plan, et al., | |
| Defendants. | |

### INTRODUCTION

*Pro se* Plaintiff Sharon Taylor filed a Complaint (Doc. No. 1-2), asserting three claims against UAW-GM Legal Services Plan (the "Plan") and attorney Alfred Albright: (1) legal malpractice, (2) breach of contract, and (3) quantum meruit. Plaintiff is a participant in the Plan, and her claims arise out of her request for legal services from the Plan. Defendant Albright was the Plan attorney who handled Plaintiff's request.

This case was originally filed in the Lucas County Common Pleas Court. Defendants removed the case to this Court (Doc. No. 1), because the Plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* The case was then referred to United States Magistrate Judge Vernelis Armstrong for a Report and Recommendation (Doc. No. 5).

Defendants filed a Motion for Entry of Judgment on Review of Administrative Record (Doc. No. 12).[1] After briefing by both parties (Doc. Nos. 14, 16), the Magistrate recommended that this Court grant Defendant's Motion (Doc. No. 17). Plaintiff filed an Objection to the R&R (Doc. No. 18).

In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has reviewed the Magistrate's findings *de novo*. For the reasons below, the Court adopts the Magistrate's recommendation to grant Defendant's Motion.

## DISCUSSION

Plaintiff made an offer on a residential property in Perrysburg, Ohio in June 2008. The seller rejected her offer. Plaintiff then sought legal advice from Defendants, who advised her that she did not have any claim against the seller. Plaintiff then filed this suit, alleging malpractice, breach of contract, and quantum meruit. The Magistrate concluded: (1) the malpractice claim was barred by Ohio's statute of limitations; (2) the breach of contract claim was preempted by ERISA, and Defendants' actions were not arbitrary and capricious; and (3) the quantum meruit claim was meritless under Ohio law.

Though the Magistrate addressed ERISA preemption only with respect to the breach of contract claim, this Court believes that all three claims are preempted by ERISA. Despite their different captions, all three claims allege that Defendants denied Plaintiff the legal services she was entitled to under the Plan. *See Ingersoll-Rand v. McClendon*, 944 F.2d 1272, 1276 (6th Cir. 1992) ("It is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit."). This is not to say that all

---

[1] An ERISA plan's denial of benefits is not reviewed under a typical summary judgment standard; rather, this Court's review is limited to the administrative record. *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 619 (6th Cir. 1998).

2

common law legal malpractice or quantum meruit claims against plan attorneys would be preempted by ERISA. But the thrust of Plaintiff's allegations in this case is that she was improperly denied benefits under the Plan. Thus, her claims are governed by ERISA. As outlined by the Magistrate, this Court can only reverse the denial of benefits under ERISA if Defendants' decision was arbitrary and capricious. This Court agrees with the Magistrate that the Plan's decision not to pursue a legal claim on behalf of Plaintiff was not arbitrary and capricious.

To the extent Plaintiff's state law claims are not preempted by ERISA, this Court dismisses them as frivolous. *See Apple v. Glenn*, 183 F.3d 477, 479 ("[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction . . . when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."). There is absolutely no indication in Plaintiff's allegations or the administrative record that Plaintiff's offer on the property was accepted by the seller. Without such acceptance, there were no legal claims for Defendants to pursue on Plaintiff's behalf. Further, as noted by the Magistrate, Plaintiff's malpractice claim is barred by Ohio's one-year statute of limitations. *See* Ohio Rev. Code § 2305.11.

## CONCLUSION

For the reasons stated above, and in the Magistrate's R&R, Defendant's Motion for Judgment is granted. This case is dismissed.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

August 13, 2010